**EMPLOYERS' LIABILITY ASSUR. CORPORATION, Limited, v. ASTORIA MAHOGANY CO., Inc.**

(District Court, E. D. New York. March 23, 1925.)

Corporations ⬤⟾565(4)—Leave to file petition for review, and set aside previous orders and to file a claim against receivers long after time for filing, denied.

Where a corporation for more than three years had been in the hands of receivers, who had borrowed large sums in connection with a plan of reorganization, and the time fixed for filing claims had long expired, a petition by the United States for leave to file a petition to review and set aside previous orders, and to file a large claim, denied.

In Equity. Suit by the Employers' Liability Assurance Corporation, Limited, against the Astoria Mahogany Company, Inc. Application by the United States for leave to file petition for review and a claim against receivers. Denied.

Guy O. Walser, of New York City, Jerome A. Michael, of Washington, D. C., and John Vance Hewitt, of New York City, for the United States.

Shearman & Sterling and James A. Stevenson, Jr., all of New York City, for receiver.

GARVIN, District Judge. This is an application for an order directing the parties to this action and the receivers of the defendant heretofore appointed by this court to show cause why the United States of America should not be granted leave to file a petition for review, for the purpose of having the orders heretofore entered herein reviewed and set aside, and why it should not be permitted to file, if allowed, its claim herein.

The receivers were appointed by order of this court on January 14, 1922. The order of appointment directed that claims against the defendant be filed on or before March 15, 1922. On March 9, 1922, an order was entered extending the time to file claims to and including April 15, 1922.

On May 9, 1922, the collector of internal revenue for the First district of New York applied for an order permitting the United States of America to file a claim for $4,202.85. This application was granted the following day, and the claim was thereafter duly filed. In the belief that all claims against the defendant had been duly filed, a plan of reorganization of the defendant was proposed, and in connection therewith, pending its adoption and completion, the receivers have borrowed over $1,000,000 in order to continue the business of the defendant.

An auditor of the United States of America began to examine the books of the defendant in August, 1922, and continued this work without interruption to August, 1923. So far as appears, this auditor was refused nothing by the receivers and every facility for an examination was afforded. A second auditor, whose affidavit contains charges of grave fraud, began an examination of the books August 15, 1924, and continued until February, 1925. Meanwhile, on October 5, 1923, a petition by the United States of America for leave to file a claim in a very large amount, $562,098.86, was submitted. The court denied the application, and thereby passed upon the propriety of allowing such a claim to be filed long after the examination of the books was begun and completed by the first auditor, and after the receivers had made the foregoing commitments. 295 F. 767.

It thus appears that what was discovered after October 5, 1923, by the second auditor, is merely cumulative with respect to the claim first advanced by the government, although it is now alleged that a much larger claim can be established. If the court was correct in its conclusion that the application made in October, 1923, should not be granted, no reason is advanced for permitting a claim to be filed at the present time. The application for permission to file a petition for review has been submitted upon the most elaborate papers, and has received the careful consideration that a matter of such importance merits.

When the last-mentioned application was

presented, it was represented that the government may have in contemplation another action, which will be prejudiced if the papers on which such application is made are filed forthwith; therefore these papers may be retained temporarily by the United States attorney as an officer of the court, but they must be filed within 30 days. If the Circuit Court of Appeals is of the opinion that this court should grant the petition for review, or if that court grants such a petition, this court will promptly proceed in accordance with any direction that may hereafter be made.

The application is denied.